UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| STEPHANIE L. CARTER-KUEHNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO.: 1:08-CV-291-TS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on an Objection to the Report and Recommendation of the Magistrate Judge, filed by the plaintiff, Stephanie L. Carter-Kuehner ("Kuehner"), on August 28, 2009. The Defendant, Commissioner of Social Security, has not filed a response.

For the following reasons, the Objection will be overruled and the Report and Recommendation will be adopted as the Order of the Court.

**BACKGROUND**

On August 18, 2009, Magistrate Judge Roger B. Cosbey submitted a Report and Recommendation in this case, recommending that the Commissioner's decision be affirmed.

The Plaintiff had appealed to this district court from a final decision of the Commissioner of Social Security ("Commissioner") denying her application under the Social Security Act (the "Act") for a period of disability and Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). (*See* DE 1.) Kuehner appealed the Commissioner's decision, and the appeal was referred to the Magistrate Judge on December 10, 2008, for the issuance of a Report and Recommendation.

Kuehner applied for DIB and SSI on February 17, 2004, alleging that she became disabled as of August 2, 1999. (Tr. 20, 67, 69.) The Commissioner denied her application initially and upon reconsideration, and Kuehner requested an administrative hearing. (Tr. 47–56.)

A hearing was conducted by Administrative Law Judge ("ALJ") Steven J. Neary on October 19, 2006, at which Kuehner (who was represented by counsel) and a vocational expert testified. (Tr. 1036–60.)

On June 11, 2007, the ALJ rendered an unfavorable decision to Kuehner, concluding that she was not disabled because she could perform her past relevant work as a press tender despite the limitations caused by her impairments. (Tr. 20–31.) The Appeals Council denied Kuehner's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 6–8.) Kuehner filed a Complaint with this Court on December 4, 2008, seeking relief from the Commissioner's final decision. (DE 1.)

Kuehner alleged five flaws with the Commissioner's final decision. Specifically, Kuehner claimed that: (1) the ALJ failed to properly evaluate the opinion of Ms. Susan Miller, Kuehner's treating mental health therapist, and Dr. Sylvia Rutten, her treating psychiatrist; (2) the ALJ erred by not giving full effect to Kuehner's uncontrolled diabetes when determining her residual functional capacity ("RFC"); (3) the ALJ's determination that Kuehner could perform her past relevant work is wholly inconsistent with the evidence presented; (4) the ALJ's determination that Kuehner is capable of performing sustained work on a regular and continuing basis is not supported by substantial evidence; and (5) the ALJ improperly determined that Kuehner's testimony was not credible. (Mem. in Opp'n to Secretary's Decision Denying Pl.'s

2

Claim for Benefits and Req. for Remand ("Opening Br.") 8–18.)

After reviewing the record and arguments, the Magistrate Judge concluded that the ALJ adequately explained his evaluation of the opinion of Kuehner's treating mental health counselor, Ms. Miller, and her treating psychiatrist, Dr. Rutten. The Magistrate Judge also concluded that the RFC assigned by the ALJ is supported by substantial evidence and that the ALJ's credibility determination should not be disturbed.

## DISCUSSION

In her Objection to the Report and Recommendation, Kuehner first contends that the Magistrate Judge erroneously concluded that the ALJ adequately explained his evaluation of the opinion of Kuehner's treating therapist and treating psychiatrist. Kuehner claims that the Magistrate Judge was unable to point to any specific language within the ALJ's opinion that actually articulated his evaluation.

However, it is undisputed that the ALJ was aware (and articulated in his opinion) that Ms. Miller and Dr. Rutten had treated Kuehner. Moreover, as the Magistrate Judge noted in his Report and Recommendation, "the ALJ expressly considered the opinion of Ms. Miller and Dr. Rutten . . . [and] the ALJ penned two lengthy paragraphs on Ms. Miller's and Dr. Rutten's findings. (Tr. 28–29)." (R&R at 15). However, the ALJ ultimately concluded that the opinions of Ms. Miller and Dr. Rutten were inconsistent with the other medical evidence of record. (Tr. 29; R&R at 15–16). Kuehner states that "[o]ne mention that a therapist or doctor is 'treating' will not, and cannot, fulfill the legal requirements [of 20 C.F.R. §§ 404.1527(d) and § 416.927(d)]." The ALJ, however, did much more than merely mention the names of the persons

3

who had treated Kuehner and, in fact, he devoted a substantial portion of his opinion to discussing his evaluation of Ms. Miller and Dr. Rutten's opinions. Thus, the Court finds Kuehner's argument on this point to be without merit.

Kuehner also argues that the Magistrate Judge's finding that the RFC assigned by the ALJ is supported by substantial evidence is in error. Kuehner contends that the Magistrate Judge failed to point to the ALJ's discussion regarding Kuehner's reported symptom-related functional limitations of fatigue, weakness, and pain due to her uncontrolled diabetes and resultant neuropathy. Kuehner claims that the Magistrate Judge and the Commissioner discussed three of Kuehner's activities to support the RFC finding. Specifically, it was noted that Kuehner performs household chores independently, attends college three days a week, and uses a computer regularly. Kuehner argues that the Magistrate Judge and the Commissioner failed to consider that Kuehner requires a helper to take notes for her, that her tests be read to her, extended time to take the tests, close parking to the school, and access to a learning disability specialist. Kuehner claims that there is an "unmistakable distinction" between a person's ability to engage in sporadic or extremely well-supported and structured activity, and her being able to work for eight hours a day, five consecutive days a week.

The Magistrate Judge and the ALJ fully considered the record. As the Magistrate Judge noted, the RFC assigned by the ALJ is consistent with the opinions of Dr. Kovach, Dr. Diedrich and Dr. Hamlet, all of whom opined that Kuehner's physical impairments did not affect her daily life activities and assigned her no physical limitations. The RFC is also consistent with the April 2004 opinion of Dr. Pogorelov, to which the ALJ assigned the greatest weight. He reported that Kuehner's physical impairments did not affect her sitting, standing, walking, lifting, carrying and

4

handling objects, speaking, or hearing. (Tr. 24; R&R at 18).

With respect to Kuehner's complaint that she performs her daily activities in a structured, supportive environment and thus the activities are not evidence that she can work a full-time job, this evidence is not the only evidence the ALJ considered. Rather, the activities were discussed as further evidence that the opinions of the doctors cited above were correct. The medical evidence of record has shown that Kuehner does not have sufficient limitations to prevent her from performing her previous work. The activities she engages in on a daily basis support the medical opinions. Even assuming that Kuehner is given support in college by having close parking, a note taker, and help with tests, these facts do not undermine the determination that she can sit, stand, walk, lift, speak, hear, etc. Kuehner has made a bald assertion that because she receives support with some activities, that she cannot perform her previous work as a press tender. However, Kuehner has failed to indicate how having assistance in college is evidence that any of her activities are so limited that she would be unable to perform her previous work. Nor has Kuehner taken into consideration that many impairments are now accommodated in the workplace (as they are on a college campus) and she could ask for and receive close parking and other reasonable accommodations on the job as needed to enable her to work. Accordingly, the Court finds Kuehner's arguments on this point do not justify overturning the ALJ's determination.

Finally, Kuehner argues that the Magistrate Judge erroneously found that the ALJ's credibility determination should not be disturbed. Kuehner contends that the Magistrate Judge adopted the Commissioner's post-hoc rationalization for the ALJ's determination of Kuehner's credibility. Kuehner claims that the ALJ failed to supply any reasoning for his rejection of all of

Kuehner's testimony. However, as the Magistrate Judge noted, the ALJ cited several specific reasons for concluding that Kuehner's testimony was not entirely credible, including a lack of objective medical evidence, an inconsistency with her daily living activities, and a rather sporadic mental health treatment regime. (R&R at 20). Thus, the Court does not find Kuehner's arguments with respect to the ALJ's credibility determination to be persuasive.

Accordingly, as Kuehner has not put forward any valid basis for objecting the Magistrate Judge's Report and Recommendation, the Report and Recommendation will be adopted.

## CONCLUSION

On the basis of the foregoing, Kuehner's Objection to the Report and Recommendation [DE 25] is OVERRULED. Further, the Court ADOPTS the Report and Recommendation of the Magistrate Judge [DE 24] that the Commissioner's decision be AFFIRMED.

SO ORDERED on December 15, 2009.

                                           s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT